IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA D. MCGRIFF, | § | |
| | § | |
| Defendant Below, | § | No. 479, 2023 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2004002455 (N) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: June 14, 2024
Decided: August 12, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The defendant below-appellant, Joshua D. McGriff, filed this appeal from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61.[1] For the reasons discussed below, we affirm the Superior Court's judgment.

(2) As summarized by the Superior Court, the events leading to McGriff's arrest and convictions are as follows:

---

[1] *State v. McGriff*, 2023 WL 8302137 (Del. Super. Ct. Nov. 30, 2023).

[A] driver began using a drive up ATM when McGriff and another individual came up to the car and began punching the driver in the chest. The driver, equipped with a can of bear mace, dissuaded them. The driver called police when the would-be robbers ran away. Police responded and saw the defendant in the vicinity. Unsure if this was the perpetrator, they took his photo and I.D. card and let him go. When the ATM surveillance footage was reviewed later, police put together an "attempt to identify" flyer, which yielded them a copy of the photo and ID card. When police showed McGriff the photos, he said "showing me this is pretty much like showing me that you got me" and "so I can't really say that oh, it's not me. Nah, man, it's me, but I don't recall."[2]

(3)    On July 21, 2021, a Superior Court jury found McGriff guilty of attempted second-degree robbery and second-degree conspiracy. The Superior Court sentenced McGriff, effective April 26, 2022, to three years of Level V incarceration, suspended after one year for one year of Level III probation. On direct appeal, this Court affirmed the Superior Court's judgment.[3]

(4)    On February 21, 2023, McGriff moved for postconviction relief under Superior Court Criminal Rule 61. He alleged that his right to a speedy trial was violated and that the prosecutor's withholding of the "attempt to identify" flyer until trial was prosecutorial misconduct violating *Brady v. Maryland*.[4] He also alleged that his trial counsel and appellate counsel were ineffective. On February 28, 2023, McGriff moved for appointment of counsel, which the Superior Court denied. As

---

[2] *Id.* at *1 (citations omitted).

[3] *McGriff v. State*, 291 A.3d 1088, 2023 WL 469122 (Del. Jan. 27, 2023) (ORDER).

[4] 373 U.S. 83 (1963).

2

directed by the Superior Court, McGriff's trial counsel filed an affidavit responding to McGriff's allegations of ineffectiveness on August 21, 2023.

(5) On November 30, 2023, the Superior Court denied McGriff's motion for postconviction relief.[5] The Superior Court held that McGriff's speedy trial claim was barred by *res judicata* and that the alleged withholding of the flyer until trial was not prosecutorial misconduct.[6] As to the claims of ineffective assistance of counsel, the Superior Court concluded that McGriff had not shown that his trial counsel's performance was objectively unreasonable or that the outcome of the trial would have been different but for his trial counsel's alleged errors.[7] This appeal followed.

(6) On appeal, McGriff lists the claims he raised in the Superior Court. This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[8] We review constitutional claims, including claims of ineffective assistance of counsel, *de novo*.[9] Before considering the merits of any

---

[5] *McGriff*, 2023 WL 8302137, at *1.

[6] *Id.* at *2.

[7] *Id.* at *3.

[8] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).

[9] *Id.*

underlying claims for postconviction relief, the Court applies the procedural requirements of Rule 61.[10]

(7)     McGriff does not identify the basis for his claims of a *Brady* violation and prosecutorial misconduct, but we assume that he is relying upon the "attempt to identify" flyer that he claimed below was not produced until trial.  Rule 61(i)(3) bars consideration of claims that were not raised in the proceedings leading to the judgment of conviction unless the movant can show "cause" for his procedural default and "prejudice" resulting from the alleged error below.[11]  McGriff's trial counsel did not object to admission of the flyer at trial, which was described by Detective Todd Dukes at the probable cause hearing on May 27, 2020.  Although McGriff asserted a *Brady* violation and prosecutorial misconduct on appeal, he did not identify the flyer (or anything else) as the basis for those claims.  Because the flyer was not challenged in the proceedings leading to McGriff's convictions, he had to show cause-and-prejudice for the procedural default.[12]  He has not done so.  Nor

---

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[11] Del. Super. Ct. Crim. 61(i)(3).

[12] Even if this Court considered McGriff's claim on direct appeal of prosecutorial misconduct due to an unspecified *Brady* violation to encompass the alleged withholding of the flyer and therefore satisfy Rule 61(i)(3), Rule 61(i)(4) would still bar his postconviction claim because we would have then already considered and rejected his post-conviction argument on direct appeal. *McGriff*, 2023 WL 469122, at *3.

has he overcome this procedural bar by arguing that the Superior Court lacked jurisdiction or that he can satisfy the requirements of Rule 61(d)(2).[13]

(8) McGriff did assert a violation of his right to a speedy trial in the proceedings leading to his conviction. Rule 61(i)(4) bars consideration of any ground for relief that was previously adjudicated.[14] On direct appeal, this Court concluded that there was no violation of McGriff's right to a speedy trial.[15] Because McGriff's speedy trial claim was previously adjudicated, Rule 61(i)(4) bars consideration of this claim. McGriff has not tried to overcome this procedural bar by arguing that the Superior Court lacked jurisdiction or that he could satisfy the requirements of Rule 61(d)(2).[16]

(9) The procedural bars of Rule 61 do not bar a timely claim of ineffective assistance of counsel.[17] To prevail on an ineffective assistance of counsel claim, a defendant must show: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is

---

[13] Del. Super. Ct. Crim. R. 61(i)(5) (providing that the Rule 61(i)(1)–(i)(4) procedural bars do not apply to a claim that the Superior Court lacked jurisdiction or that satisfied Rule 61(d)(2)(i) or (ii)); *id.* 61(d)(2)(i) (providing that motion must plead with particularity new evidence that creates a strong inference of actual innocence); *id.* 61(d)(2)(ii) (providing that motion must plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review, applies and renders the convictions invalid).

[14] Del. Super. Ct. Crim. 61(i)(4).

[15] *McGriff*, 2023 WL 469122, at *2–3.

[16] *See supra* note 13.

[17] *Bradley v. State*, 135 A.3d 748, 759 (Del. 2016).

5

a reasonable probability that the outcome of the proceedings would have been different.[18]  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[19]

(10)  McGriff argues that his trial counsel did not subject the prosecution to meaningful adversarial testing and did not give him actual assistance in violation of *United States v. Cronic*,[20] which prejudiced him.  Under *Cronic*, a defendant need not demonstrate prejudice as required by *Strickland* when he "is completely denied counsel at a critical stage of the judicial proceedings."[21]  The record, including the trial transcript and trial counsel's affidavit, refutes McGriff's claim that his trial counsel was ineffective.

(11)  Contrary to his contentions, McGriff has not shown that he was deprived of counsel at a critical stage of the proceedings or that his trial counsel's representation fell below an objective standard of reasonableness.  McGriff's trial counsel: tried to obtain relevant information from him; confirmed with him that he spoke voluntarily to police after receiving *Miranda* warnings; examined the crime scene; visited the area where he was stopped by police; and cross-examined each of

---

[18] *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

[19] *Id.* at 689.

[20] 466 U.S. 648 (1984).

[21] *Urquhart v. State*, 203 A.3d 719, 727 (Del. Jan. 24, 2019).  *See also Cronic*, 466 U.S. at 658–59.

the State's witnesses.  In addition, as recognized by the Superior Court, McGriff made no effort to satisfy the prejudice prong of *Strickland*.

(12)   As to McGriff's claim that his appellate counsel was ineffective for filing a motion to withdraw and a non-merit brief under Supreme Court Rule 26(c), this claim is without merit.[22]  The Superior Court did not err in denying McGriff's motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[22] *See* Del. Supr. Ct. R. 26(c) (authorizing an attorney, who concludes that an appeal is wholly without merit after a conscientious examination of the record and the law, to file a motion to withdraw and non-merit brief); *Loper v. State*, 234 A.3d 159, 2020 WL 2843516, at *3 (Del. June 1, 2020) (ORDER) (rejecting claim that the defendant's appellate counsel was ineffective for filing a motion to withdraw and non-merit brief under Rule 26(c)).